Filing # 64494369 E-Filed 11/21/2017 03:40:16 PM

## IN THE COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

EILEEN SIMPSON,

     Plaintiff,

v.                              Case No.:

ENHANCED RECOVERY COMPANY, LLC,

     Defendant.

_____/

## STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

Plaintiff EILEEN SIMPSON ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

### NATURE OF THE ACTION

**I.      THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See,* 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1)    the amount of the debt;
> (2)    the name of creditor to whom the debt is owed[.]

15 U.S.C. § 1692g(a) (emphasis added). *See*, *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other

language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" and "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f.

6. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of--
>> (A) the character, amount, or legal status of any debt; or
>> [...]
> (5) The threat to take any action that cannot legally be taken or is not intended to be taken.
>> [...]
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

7. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not

show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

8. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

9. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of least **sophisticated consumer**..." (emphasis added) (internal quotations and citations omitted)).

10. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also, Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and

misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## II.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

12. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> [...]
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

13. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

14. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

15. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

16. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

17. Plaintiff is natural person, and a citizen of the State of Florida, residing in Marion County, Florida.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(a).

19. Defendant is a foreign limited liability company doing business in Florida.

20. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

21. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

22. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23. Defendant holds a Consumer Collection Agency License issued by the Florida Office of

Financial Regulation.

24. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

25. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

26. At all times material hereto, Defendant was a limited liability company subject to the FCCPA. *See, e.g., Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

27. Plaintiff is alleged to owe a financial obligation related to amounts allegedly due for consumer/personal purchases made on a personal credit card (hereinafter the "Alleged Debt").

28. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

29. On or about October 6, 2017, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

30. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

31. Defendant's Collection Letter was Defendant's initial communication with Plaintiff with respect to the Alleged Debt.

32. Defendant did not communicate with Plaintiff again in writing within five (5) days of Defendant's initial communication with Plaintiff.

33. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

34. Defendant's Collection Letter states that the "Creditor" of the Alleged Debt is "Kohl's Department Stores, Inc."

35. Defendant's Collection Letter states that Plaintiff's balance is "with Kohl's Department Stores".

36. On the bank side, Defendant's Collection Letter states that "[t]he name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice."

37. The creditor of the Alleged Debt is not "Kohl's Department Stores, Inc."

38. Upon information and belief, at the tome Defendant's Collection Letter was sent, Defendant knew, through knowledge of documentation and/or information provided by the creditor of the Alleged Debt, that the creditor of the Alleged Debt is not "Kohl's Department Stores, Inc."

39. Defendant's Collection Letter states that the "Amount of Debt" is $427.92.

40. Defendant's Collection Letter states that the "Settlement Amount" is $213.96.

41. Defendant's Collection Letter states that "[w]e are willing to reduce your outstanding balance by offering a discounted payoff amount of 213.96."

42. On the back side, Defendant's Collection Letter states that "[t]he amount of the claimed debt is the amount stated in the letter on the reverse side of this notice."

43. Defendant's Collection Letter invites Plaintiff to visit Defendant's website, where Defendant unlawfully imposes a "convenience fee" for payments submitted online. Said

convenience fee is not expressly authorized by the agreement creating the Alleged Debt or permitted by law, nor was the amount of the convenience fee Defendant sought to impose upon Plaintiff stated in Defendant's Collection Letter.

44. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of the underlying account documents and/or information provided to Defendant by the creditor of the Alleged Debt, that the convenience fee Defendant sought to impose upon Plaintiff is not expressly authorized by the agreement creating the Alleged Debt or permitted by law.

45. On the front side, Defendant's Collection Letter states, "**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS.**" (emphasis in original).

46. On the back side, Defendant's Collection Letter states:

**Colorado Residents:**
[…]
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
[…]

**California Residents:**
1. The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about

your debt. Collectors may contact another person to confirm
your location or enforce a judgment. For more information about
debt collection activities, you may contact the Federal Trade
Commission at 1-877-FTC-HELP or www.ftc.gov.

[...]

**Massachusetts Residents**
You have the right to make a written or oral request that telephone
calls regarding your debt not be made to you at your place of
employment. Any such oral request will be valid for only ten (10)
days unless you provide written confirmation of the request
postmarked or delivered within seven (7) days of such request. You
may terminate this request by writing to the debt collector.

47. Many of the rights detailed on the back side of Defendant's Collection Letter under state

specific headings apply to all consumers, regardless of their state of residency. *See, e.g.,*

15 U.S.C. §§ 1692c; 1692d; 1692e.

48. Conversely, some of the rights detailed on the back side of Defendant's Collection Letter

under or next to state specific heading apply only to residents of those specific states. *See,*

*e.g.,* 209 Mass. Code Regs. 18:14(1)(e).

49. Defendant's Collection Letter does not advise Plaintiff that many of rights listed under the

headings of states other than Florida also apply to Florida residents, nor does it advise

Plaintiff that some of the rights listed under the headings of states other than Florida apply

only to residents of those states.

50. Upon information and belief, at the time Defendant's Collection Letter was sent, the

balance of the Alleged Debt was subject to increase due to contractual interest, pre-

judgment interest and fees.

51. Defendant's Collection Letter does not disclose that the balance of the Alleged Debt is

subject to increase due to interest and fees.

52. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant

knew, through knowledge of applicable statutes, documents and/or information provided

to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the

Alleged Debt, and/or account statements for the Alleged Debt, that the balance of the

Alleged Debt was subject to increase due to interest and fees.

53. Defendant's Collection Letter was mailed to Plaintiff in an envelope with a transparent

plastic window through which a "QR Code" located on the bottom right of the front side.

Said QR Code, when scanned, reveals a series of numbers including, *inter alia*, the last

four digits of the account number as stated on Defendant's Collection Letter.

54. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I –
## VIOLATION OF THE FDCPA AS TO
## UNLAWFUL IMPOSITION OF CONVENIENCE FEE

55. Plaintiff re-asserts and re-alleges paragraphs 1 through 54 as if fully restated herein.

56. As detailed above, Defendant, by and through Defendant's Collection Letter, sough to

induce Plaintiff to pay the Alleged Debt through Defendant's website where Defendant

imposes an unlawful convenience fee for online payments. Said convenience fee is not

expressly authorized by the agreement creating the Alleged Debt or permitted by law, nor

was the amount of the convenience fee Defendant sought to impose upon Plaintiff stated

in Defendant's Collection Letter.

57. Defendant conduct in this regard violates the FDCPA, to wit:

   a. Section 1692e by falsely representing that Defendant was entitled to charge

      Plaintiff a convenience fee for payments made online. *See, e.g., Quinteros v. MBI*

      *Associates, Inc.,* 999 F. Supp. 2d 434, 440 (E.D.N.Y. 2014)("[t]he 'least

      sophisticated consumer' would likely be deceived by the Processing Fee Statement

into believing that Defendant was legally entitled to collect the five-dollar fee.) This representation is material in that it would impact the least sophisticated consumer's decision-making process.

b. Section 1692e by failing to state the amount of the convenience fee Defendant would charge Plaintiff for payments made online. *See, e.g., Shami v. Natl. Enter. Sys.*, 09-CV-722 RRM VVP, 2010 WL 3824151, at *4–5 (E.D.N.Y. Sept. 23, 2010)(finding that a collection letter which "did not state how much Plaintiff might be charged in the event he used the phone or internet to pay his debt" could be "misleading to an unsophisticated consumer"). This failure is material in that it would impact the least sophisticated consumer's decision-making process.

c. Section 1692f(1) by attempting to collect a convenience fee from Plaintiff for payments made online notwithstanding the fact that neither the agreement creating the Alleged Debt nor applicable law expressly authorize the collection of such a fee. *See, e.g., Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1023 (E.D. Mo. 2015)("courts have found that offering a payment option that does not violate the statute does not save offering a payment option that would violate the statute, as the latter is still an attempt to collect a fee which is prohibited by the FDCPA.")

d. Section 1692e(2) by falsely representing the character, amount or legal status of the Alleged Debt as a debt properly subject to a convenience fee for payments made online and by falsely representing that Defendant may lawfully receive a convenience fee for collection of the Alleged Debt online. *See, e.g., Shami v. Natl. Enter. Sys.*, 09-CV-722 RRM VVP, 2010 WL 3824151, at *4–5 (E.D.N.Y. Sept. 23, 2010)("if it is determined that the Collection Letter violates § 1692f(1) by

representing that the transaction fees are permissible[,] Defendant also would be in violation of § 1692e(2)").

58. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

59. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FDCPA AS TO STATEMENT
## REGARDING PERSON TO WHOM THE ALLEGED DEBT IS OWED

60. Plaintiff re-asserts and re-alleges paragraphs 1 through 54 as if fully restated herein.

61. As detailed above, Defendant's Collection Letter represents that "Kohl's Department

Case 5:18-cv-00004-JSM-PRL   Document 2   Filed 01/03/18   Page 14 of 27 PageID 25

Stores, Inc." is the entity to whom the Alleged Debt is owed.

62. The Alleged Debt is not owed to "Kohl's Department Stores, Inc.".

63. By failing to provide Plaintiff with the name of the personal and/or entity to whom the Alleged Debt is owed in its initial communication with Plaintiff, Defendant has violated 15 U.S.C. § 1692g(a)(2). *See, e.g., Schneider v. TSYS Total Debt Mgmt., Inc.,* 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006) (denying motion to dismiss in 1692g(a)(2) claim where plaintiff alleged that defendants listed "Target" as the creditor rather than the full name of the creditor); *Sparkman v. Zwicker & Assocs., P.C.,* 374 F.Supp.2d 293, 301–02 (E.D.N.Y.2005).

64. By falsely representing the name of the creditor of the Alleged Debt in Defendant's Collection Letter, Defendant's has violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10). *See, e.g., Suquilanda v. Cohen & Slamowitz, LLP,* 10 CIV. 5868 PKC, 2011 WL 4344044, at *7 (S.D.N.Y. Sept. 8, 2011)("Plaintiff's allegation that she received a collection letter that falsely listed the creditor as 'Midland Credit' rather than 'MRC Receivables Corporation' states a claim for relief" under section 1692e); *Hepsen v. J.C. Christensen and Assocs., Inc.,* 2009 WL 3064865, at *5 (M.D.Fla. Sep.22, 2009) (concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor).

65. Defendant's violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) is material, in that it would impact the least sophisticate consumer's decision making process. *See, e.g., Green v. Monarch Recovery Mgt., Inc.,* 1:13-CV-00418-SEB, 2015 WL 4599480, at *5 (S.D. Ind. July 29, 2015), *appeal denied* (Sept. 2, 2015)("Moreover, as other courts have recognized, the identity of the creditor is material information to a consumer.")

14 | P a g e

66. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

67. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

### COUNT III –
### VIOLATION OF THE FDCPA AS TO
### MISLEADING STATEMENTS CONCERNING PLAINTIFF'S RIGHTS

68. Plaintiff re-asserts and re-alleges paragraphs 1 through 54 as if fully restated herein.

69. Defendant violated § 1692e and §1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Alleged Debt.

70. Defendant's Collection Letter wrongfully misleads the least sophisticated consumer into

believing he or she was not protected and/or was not entitled to certain rights and/or protections, at law, when, in reality, the consumer was so protected.

71. Defendant Collection Letter wrongfully misleads the least sophisticated consumer into believing he or she was protected by and/or was entitled to certain rights and/or protections, at law, when, in reality, the consumer was not.

72. On the front of Defendant's Collection Letter, Defendant directs and/or advises all consumers, without limitation, to see the back of Defendant's Collection Letter because it contains "**IMPORTANT NOTICES AND CONSUMER RIGHTS.**" Defendant's advisory of "**SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**" causes the least sophisticated consumer to believe that the information on the back of the letter is important for the consumer to know, without exception.

73. As detailed above, on the reverse side of the Defendant's Collection Letter, Defendant lists a series of rights and/or laws as applying to residents of certain states. For example, Defendant states, in relevant part: "**CALIFORNIA** ... except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. [Debt collectors] may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work."

74. Regardless of whether the rights Defendant articulates for residents of California is true for residents of California, these rights are true for residents of Florida. *See,* Fla. Stat. § 559.72; 15 U.S.C. §§ 1692c, 1692d, 1692e. Yet, despite advising Plaintiff to read the back of the letter because it contains "**IMPORTANT NOTICES AND CONSUMER RIGHTS**",

Defendant did not inform Plaintiff that residents of Florida are also guaranteed the very same rights (to wit, those rights referenced in the preceding paragraph).

75. By and through the Collection Letter's language, the least sophisticated consumer can be lead to believe an erroneous negative implication, to wit, that he or she is not protected by any of the rights and/or protections Defendant articulates on the back of the Collection Letter. This is a logical conclusion of the Collection Letter's language – i.e. – the consumer is advised that the rights depicted on the back of the Collection Letter, all of which was explicitly limited to non-Florida residents, is important information for the consumer to know. *See, e.g., Melillo v. Shendell & Assocs., P.A.*, 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.")(quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)).

76. Furthermore, due Defendant's decision to include irrelevant state specific discourses and exclude an adequate explanation for Florida residents, the least sophisticated consumer is just as likely to believe the opposite – to wit – that the consumer is protected by all or some of the rights and/or protections needlessly disclosed in the Collection Letter because the least sophisticated consumer is not capable of realizing what is required for the consumer to qualify for such protections and/or rights. *Ensminger v. Fair Collections & Outsourcing, Inc.*, 2:16-CV-02173-CM-GEB, 2016 WL 6905882, at *7 (D. Kan. Nov. 23, 2016)("given the way defendant included the Massachusetts Disclosure in its letters, it is plausible that the least sophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents. This results in a plausible claim under § 1692e.")

77. Defendant's violations of 15 U.S.C. §1692e and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process.

78. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

79. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

**COUNT IV**
**VIOLATION OF THE FDCPA AS TO FAILURE TO**
**EFFECTIVELY CONVEY THE AMOUNT OF THE ALLEGED DEBT**

80. Plaintiff re-asserts and re-alleges paragraphs 1 through 54 as if fully restated herein.

81. As detailed for fully above, Defendant failed to advise Plaintiff that the amount of the

Alleged Debt as stated in Defendant's Collection Letter was subject to increase.

82. Additionally, Defendant's Collection letter contains two separate and distinct amounts on the front side and advises, on the back side, that "[t]he amount of the claimed debt is the amount of stated in the letter on the reverse side of this notice."

83. Defendant's Collection Letter does not advise that Defendant imposes a convenience fees for payments made online.

84. The form and content of Defendant's Collection Letter violates the FDCPA as it fails to effectively convey the amount of the Alleged Debt. Specifically, Defendant's Collection Letter violates:

    a. Section 1692g(a)(1), by failing to state the amount of the Alleged Debt. *See, e.g., Melillo v. Shendell & Associates, P.A.,* 2012 WL 253205 at *4 (S.D. Fla. Jan. 26, 2012)("Simply stating the amount due is not enough, however [...] The letter 'must state the amount of the debt clearly enough that the recipient is likely to understand it.'")(citing *Chuway v. Nat'l Action Fin. Servs., Inc.,* 362 F.3d 944, 948 (7th Cir.2004)); *Anselmi v. Shendell & Associates, P.A.,* 12-61599-CIV, 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014)("A debt collector is also required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis.")

    b. Section 1692e, by failing to disclose the amount of the Alleged Debt was subject to increase and/or a convenience fee. *See, e.g., Avila v. Riexinger & Associates, LLC,* 817 F.3d 72, 77 (2d Cir. 2016)("The collection notices at issue here stated only the 'current balance' but did not disclose that the balance might increase due to interest and fees. Thus, Plaintiffs have stated a claim that these notices were 'misleading' within the meaning of Section 1692e."); *Sperber v. C. Credit Services, LLC,*

16CV5222ARRRLM, 2017 WL 1737702, at *5 (E.D.N.Y. May 1, 2017)("Having alleged that interest was accruing on his debt and that CCS failed to either disclose this interest or otherwise disclaim its right to collect it, Sperber has stated a plausible claim that the collection notices he received from CCS were misleading under Section 1692e of the FDCPA").

    c. Sections 1692e(10), 1692e(2)(A) and 1692f, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., McNamee v. Debski & Associates, P.A.,* 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016).

85. Defendant's violations of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process.

86. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.,* 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.,* 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC,* 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified

an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

87. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT V
## VIOLATION OF THE FDCPA AS TO VISIBLE QR CODE

88. Plaintiff re-asserts and re-alleges paragraphs 1 through 54 as if fully restated herein.

89. Defendant violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail. In short, the envelope used to mail Defendant's Collection Letter displayed a QR Code through the transparent window of the envelope which, when scanned, reveals a series of numbers that includes, *inter alia*, the last four digits of the account number as stated on Defendant's Collection Letter.

90. Under the same facts as are present in the instant case the Court in *Palmer v. Credit Collection Servs.* explicitly articulates why Defendant violated the FDCPA by displaying a QR Code through the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] ... forbids the debt collector from "[u]sing any language or symbol" on the envelope sent to a consumer to collect a debt. The bar code, of course, is a symbol. Thus, it is undeniable that §1692f(8) forbids the appearance of the bar code through the transparent window of the envelope sent to the debtor. We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd. *See* Id. at 302-03. An oft-cited example of absurdity in this context would be to read the

statute to disallow the debt collector from affixing a stamp to the envelope. *See* Id. at 303.

Congress, for example, could have described or attempted to describe in §1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the FDCPA. Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business." *See* §1692f(8). This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." *See* §1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of §1692f(8).

We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015).

91. The *Palmer* Court's rational was recently adopted by the Southern District of Florida in *Michael v. HOVG, LLC*, 16-CV-62651, 2017 WL 129111, at *4 (S.D. Fla. Jan. 10, 2017).

92. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. See, e.g., *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a

'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

93. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT VI – VIOLATION OF THE FCCPA

94. Plaintiff re-asserts and re-alleges paragraphs 1 through 54 as if fully restated herein.

95. At the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes and regulations, that Plaintiff was entitled to many of the rights listed under non-Florida headings on the back of Defendant's Collection Letter.

96. At the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes and regulations, that Plaintiff was not entitled to certain rights listed on the back of Defendant's Collection Letter.

97. By and through Defendant's Collection Letter, Defendant asserted that Plaintiff had certain rights that she did not, and asserted that she did not have certain rights that she did.

98. Defendant, by and through Defendant's Collection Letter, asserted that it had the right to collect a debt owed to "Kohl's Department Stores, Inc." when it knew, through knowledge of information and/or documentation provided by the creditor of the Alleged Debt, that

Defendant had no such right.

99. Defendant, by and through Defendant's Collection Letter, asserted that it had the right to charge Defendant a convenience fee for payments made online when it knew, through knowledge of information and/or documentation provided by the creditor of the Alleged Debt, that Defendant had no such right.

100.        Defendant, by and through Defendant's Collection Letter, violated Section 559.72(9), Florida Statutes, by asserting the existence of a legal right with knowledge that the right does not exist. *See, e.g., Ortega v. Collectors Training Inst. of Illinois, Inc.*, 09-21744-CIV, 2010 WL 11505559, at *5 (S.D. Fla. Mar. 31, 2010)(finding that an inaccurate assertion of legal rights under the FDCPA gives rise to a claim under Fla. Stat. § 559.72(9)).

101.        As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

102.        Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)        Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b)        Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(c)        An injunction prohibiting Defendant from engaging in further collection activities

directed at Plaintiff that are in violation of the FCCPA;

(d)  A declaration that Defendant's collection activities directed as Plaintiff are in violation of the FCCPA;

(e)  Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f)  Any other relief that the Court deems appropriate and just under the circumstances.


DATED: November 21, 2017


Respectfully submitted by:

/s/ Benjamin W. Raslavich
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

**EXHIBIT A**



October 09, 2017
Creditor: ERC and Kohl's Department Stores, Inc.
Original Creditor: Capital One N.A. as issuer of the
Re: Your Kohl's Credit Card Account: XXXXXXXX9352
Amount of Debt: $427.92
Reference Number: ████5319
Settlement Amount: $213.96

Settlement Opportunity

EILEEN SIMPSON

Our records indicate that your balance with Kohl's Department Stores, Inc. remains unpaid; therefore your account has been placed with ERC for collection efforts. We are willing to reduce your outstanding balance by offering a discounted payoff amount of $213.96.

Upon receipt and clearance of $213.96, your account will be satisfied.

We are not obligated to renew this offer.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

   

| | |
|---|---|
|  | For self-service options, please visit our website at www.ercbpo.com/help. |
| | Telephone: (800) 497-3803 Toll Free. All calls are recorded and may be monitored for training purposes. |
| | Send correspondence to: ERC, P.O. Box 57610, Jacksonville, FL 32241 |
| | Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm |



**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456

October 08, 2017

| Reference Number | Amount of Debt |
|---|---|
| ████5319 | $427.92 |


EILEEN SIMPSON
OCALA FL 34473-4901

132549 - 2126

ERC
P.O. Box 23870
Jacksonville, FL 32241-3870

**Federal Notice:**
Pursuant to 15 U.S.C./1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

**Tennessee Residents:**
This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Minnesota Residents:**
This Collection Agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
New York City Department of Consumer Affairs License Number: 1394588.

**North Carolina Residents:**
North Carolina Department of Insurance Permit Number: 103967.

**Utah Residents:**
As required by Utah Law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado Residents:**
For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car or any successor web address.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 13111 E. Briarwood Ave. #340, Centennial, CO 80012, (303) 309-3839.

**Our Corporate Address is:**
Enhanced Recovery Company, LLC, Doing Business As, ERC and/or Enhanced Resource Centers
8014 Bayberry Road
Jacksonville, FL 32256

**California Residents:**
1. The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

2. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Massachusetts Residents:**
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector. If you wish to discuss this matter, please call us direct, between the hours of 8 AM and 5 PM EST, at the telephone number listed on the front of this notice. Local Address: 49 Winter Street, Weymouth, MA 02118.

We at ERC specialize in assisting persons in different financial situations. If additional assistance is needed, please contact us or visit our website.